# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FOLA COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**vs.)  No. 15-0239** (BOR Appeal No. 2050097)
(Claim No. 2012004497)

**RICHARD HILL,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Fola Coal Company, LLC, by Bradley A. Crouser, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 13, 2015, in which the Board affirmed October 26, 2012, and December 8, 2014, Orders of the Workers' Compensation Office of Judges. In its October 26, 2012, Order, the Office of Judges reversed the claims administrator's December 2, 2011, decision and found that Mr. Hill was entitled to a non-medical finding of occupational pneumoconiosis. In its December 8, 2014, Order, the Office of Judges affirmed the claims administrator's May 30, 2013, decision to grant Mr. Hill a 20% permanent partial disability ability award above the 5% permanent partial disability award he had already received.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hill, a bulldozer operator, was employed by Fola Coal Company, LLC, from October 2, 1996, until February 17, 2010, when he was laid off. Mr. Hill filed a claim on August 5, 2011,

---

[1] Fola Coal Company, LLC, is not appealing the 20% permanent partial disability award. The only issue on appeal is therefore the compensability of occupational pneumoconiosis on a non-medical basis.

1

asserting that he developed occupational pneumoconiosis in the course of and as a result of his employment. On December 2, 2011, the claims administrator denied the claim. However, on October 26, 2012, the Office of Judges held the claim compensable on a non-medical basis. Fola Coal Company, LLC, protested.

On March 9, 2012, Doug Martin, a safety supervisor for Fola Coal Company, LLC, authored a letter that stated the employer had never been in violation of the Mine Safety and Health Administration's standards for the period of time Mr. Hill worked there.

On April 9, 2013, the Occupational Pneumoconiosis Board examined Mr. Hill and issued a report. The Board had previously examined him on March 3, 1995. At that time, it diagnosed occupational pneumoconiosis with very little to no measurable impairment. Mr. Hill was granted a 5% permanent partial disability award as a result. Current films were compared with those taken by the Board in 1995, and both were positive for occupational pneumoconiosis. However, the current films showed a progression of the disease that was consistent with complicated coal worker's pneumoconiosis. Based on pulmonary function testing, the Occupational Pneumoconiosis Board found a total of 25% impairment. On May 30, 2014, the claims administrator granted Mr. Hill a 20% permanent partial disability award based upon the Occupational Pneumoconiosis Board's findings. The award was in addition to Mr. Hill's previously granted 5% permanent partial disability award. Fola Coal Company, LLC, protested.

On November 5, 2014, the Office of Judges held a hearing in which the Occupational Pneumoconiosis Board's members stated that there was a positive diagnosis of occupational pneumoconiosis by x-ray. There was also a definite progression since March 3, 1995. The Occupational Pneumoconiosis Board's members testified that a 20% permanent partial disability award in addition to the 5% permanent partial disability award already granted was appropriate. The Office of Judges ultimately determined that Mr. Hill suffered 25% permanent partial disability as a result of his occupational pneumoconiosis on December 8, 2014.

In its October 26, 2012, Order, the Office of Judges determined that Mr. Hill met the standards for a non-medical claim of occupational pneumoconiosis under West Virginia Code § 23-4-15b (2009). The Office of Judges found that his application shows he was exposed to the hazards of occupational pneumoconiosis for more than two continuous years out of the ten immediately preceding his date of last exposure of February 17, 2010. Furthermore, it found that Mr. Hill was exposed to abnormal quantities of dust for more than ten years out of the fifteen immediately preceding his date of last exposure. Fola Coal Company, LLC, argued before the Office of Judges that Mr. Martin's letter met the standards of West Virginia Code § 85-20-52.2 (2006), which would relieve it of responsibility for Mr. Hill's occupational pneumoconiosis. The Office of Judges stated that West Virginia Code of State Rules § 85-20-52.2 provides:

> [i]f the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance

2

Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§ 23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges found Mr. Martin's letter merely stated that Fola Coal Company, LLC, has never been found in violation of dust standards and therefore did not meet the requirements of West Virginia Code of State Rules § 85-20-52.2. The Office of Judges concluded the case was close but, pursuant to the burden of proof in West Virginia Code § 23-4-1g (2003), it determined the issue should be decided in favor of Mr. Hill.

In its December 8, 2013, Order, the Office of Judges found that Mr. Hill was entitled to a 20% permanent partial disability award above the 5% permanent partial disability award he had already received. The Occupational Pneumoconiosis Board determined that Mr. Hill suffered 25% whole person impairment due to his occupational pneumoconiosis. The Office of Judges found that Fola Coal Company, LLC, failed to submit sufficient evidence showing that the impairment from occupational pneumoconiosis was not related to his work or that the permanent partial disability award should have been lower. Accordingly, the Office of Judges adopted the findings of the Occupational Pneumoconiosis Board and affirmed the 20% permanent partial disability award. The Board of Review affirmed the October 26, 2012, and December 8, 2013, Office of Judges' Orders in its March 13, 2015, decision.

After review, we agree with the conclusions of the Office of Judges and Board of Review. Mr. Hill has submitted sufficient, credible evidence to show that he is entitled to a non-medical finding of occupational pneumoconiosis. Whether or not Mr. Hill qualified for a non-medical claim was a close factual issue that was properly resolved by the finder of fact. This Court is not making a determination regarding the level of permanent partial disability because that issue was not raised on appeal.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2016**

3

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II